**Julian PACHECO, Jr.,
Plaintiff-Appellant,**

v.

**PHELPS DODGE REFINING CORPORATION, Defendant-Appellee.**

**No. 75–4410
Summary Calendar.\***

United States Court of Appeals,
Fifth Circuit.

May 12, 1976.

---

\* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.,* 5 Cir. 1970, 431 F.2d 409, Part I.

**710**

Julian Pacheco, Jr., pro se.

Richard M. Lovelace, El Paso, Tex., for plaintiff-appellant.

J. F. Hulse, El Paso, Tex., for defendant-appellee.

Before COLEMAN, GOLDBERG and GEE, Circuit Judges.

PER CURIAM:

This is an appeal from an Order of Dismissal granted by the District Court on the grounds of want of prosecution. The only issue is whether the trial judge abused his discretion in dismissing appellant's action. We find that he did not and therefore affirm the judgment of the District Court.

Appellant Pacheco was discharged from employment by Phelps Dodge on March 22, 1972, and shortly thereafter filed a charge with the Equal Employment Opportunity Commission. Pacheco's union had processed a grievance on his behalf, but on August 14, 1972, the arbitrator handed down an award in favor of Phelps Dodge, finding no unjust discharge.

On November 16, 1972, EEOC issued a determination that there was reasonable cause to believe that Pacheco's charge was true and invited the parties to join in a collective effort toward a just resolution of the matter. On June 12, 1973, EEOC informed Pacheco that its efforts to affect voluntary compliance had been unsuccessful and informed him of his right to request a "Right to Sue" letter. On July 5, 1973, EEOC sent Pacheco his "Right to Sue" letter notifying him of his right to institute a civil action within 90 days and of the authority of the court to appoint counsel for him to assist him in the suit. Approximately *eleven months* later, on June 4, 1974, Pacheco filed, *pro se*, what he labeled a "Motion for Enlargement of Time". Notwithstanding the fact that his time for filing his claim against Phelps Dodge had expired eight months earlier, Pacheco requested the court to grant him an additional 180 days in which to file his claim.

Pacheco had been convicted of possession of marijuana in February of 1973 and was incarcerated in the Seagoville Federal Correctional Institution in Seagoville, Texas. He gave as the grounds for granting his motion, basically allegations that the Warden at Seagoville refused him permission to go to El Paso to file his suit, or contact an

attorney, or otherwise commence institution of his claim.

The District Court treated Pacheco's "Motion for Enlargement of Time" as a complaint and service of process was had on Phelps Dodge. Phelps Dodge timely answered, denying Pacheco's claims and setting up affirmative defenses.

On September 12, 1974, Pacheco was released from prison. On January 21, 1975, an attempt was made to mail a notice of setting to Pacheco, but it was returned from the prison stating that Pacheco was no longer incarcerated and his present address was unknown.

On September 22, 1975, *fifteen* months after the filing of Pacheco's "Motion", the District Court, *sua sponte*, dismissed the cause for want of prosecution. A copy of the dismissal was mailed to Pacheco in New Mexico, where he received it. He thereupon retained counsel and has now timely appealed from the order of dismissal.

Pacheco argues that the District Court imposed too drastic a remedy in dismissing his complaint. He notes that there is at present pending in the District Court a class action suit by EEOC against Phelps Dodge, which raises very similar issues to those raised by Pacheco in his case. Pacheco is not included in the class defined by the EEOC class action, and it is unlikely that he could be included. However, Pacheco argues that since Phelps Dodge is already defending a similar suit, they would not be prejudiced by having to defend his suit also.

Phelps Dodge counters that Pacheco could have requested under Rule 60(b), F.R. C.P., that the District Court relieve him from its final judgment because of mistake, excusable neglect or other justifiable reason. Thus, argues Phelps, Pacheco's failure to move under Rule 60(b) shows an indifference to pursuing the remedies available to him at the district court level. Phelps also contends that it has now been over four years since appellant's discharge and the harm it would suffer if Pacheco were now allowed to file is that which normally occurs from dragging a case out over several years.

Pacheco relies on *Flaksa v. Little River Marine Construction Co.*, 5 Cir. 1968, 389 F.2d 885, *cert. denied*, 392 U.S. 928, 88 S.Ct. 2287, 20 L.Ed.2d 1387 and *Pond v. Braniff Airways, Inc.*, 5 Cir. 1972, 453 F.2d 347 as supporting his contention that dismissal should be used in only extreme circumstances. Neither *Flaksa* or *Pond* aids Pacheco's position. In both those cases the Court found that the appellant was in no way connected with or responsible for the delay but that appellant's counsel had been derelict. The Courts noted that a lesser sanction could have been imposed on counsel without punishing the innocent litigant. Such is not the case here. This is a classic case of a plaintiff's indifference. Appellant has failed at every juncture to observe time limitations imposed on him by law. Under the facts and circumstances of this case, we do not think the trial judge abused his discretion in dismissing the complaint.

Furthermore, we do not see how the appellant could hope to prevail on any claim even if we were to reverse. He made no attempt to file any type of complaint until more than *eleven months* after admittedly receiving his "Right to Sue" letter. Section 42 U.S.C. § 2000e–5(f)(1) requires that a complaint must be filed within 90 days after receipt of a right to sue letter. This Court and the other circuits that have considered the issue have generally held that the 90 day filing period is jurisdictional and mandatory, *Genovese v. Shell Oil Co.*, 5 Cir. 1973, 488 F.2d 84; *Hinton v. CPC International,* 8 Cir. 1975, 520 F.2d 1312, 1315; *Wong v. Bon Marche*, 9 Cir. 1975, 508 F.2d 1249; *Archuleta v. Duffy's Inc.*, 10 Cir. 1973, 471 F.2d 33; *Goodman v. City Products Corp., Ben Franklin Division*, 6 Cir. 1970, 425 F.2d 702. *Compare Stebbins v. Nationwide Mutual Insurance Co.*, 4 Cir. 1972, 469 F.2d 268, *cert. denied*, 1973, 410 U.S. 939, 93 S.Ct. 1403, 35 L.Ed.2d 606. Thus, it is doubtful whether the District Court ever had subject matter jurisdiction of this case.

The Judgment of the District Court is AFFIRMED.