569 F.2d 276
 17 Fair Empl.Prac.Cas. 12, 16 Empl. Prac.
Dec. P 8296
Patricia C. McARTHUR et al., Plaintiffs,
Fay Mathews Eubanks et al., for themselves and all other
female employees similarly situated,
Plaintiffs-Appellants Cross Appellees,
v.
SOUTHERN AIRWAYS, INC., et al., Defendants-Appellees Cross Appellants,
and
Myra Blackburn et al., Intervenors-Co-Defendants-Appellees
Cross Appellants.
 No. 75-3933.
 United States Court of Appeals,
Fifth Circuit.
 March 9, 1978.
 
 J. R. Goldthwaite, Jr., Atlanta, Ga., for plaintiffs.
 Vella M. Fink, EEOC, Washington, D. C., for amicus curiae.
 John B. Shepard, Erle Phillips, Atlanta, Ga., for Southern Airways.
 Duane C. Aldrich, Richard R. Boisseau, Atlanta, Ga., for Blackburn, et al.
 Asher W. Schwartz, John F. O'Donnell, Renee F. Rivkis, Malcolm A. Goldstein, New York City, for Transport Workers Union.
 Appeals from the United States District Court for the Northern District of Georgia.
 Before BROWN, Chief Judge, and COLEMAN, GOLDBERG, AINSWORTH, GODBOLD, MORGAN, CLARK, RONEY, GEE, TJOFLAT, FAY, RUBIN, and VANCE, Circuit Judges.*
 PER CURIAM:
 
 
 1
 The opinion of the panel, 5 Cir., 556 F.2d 298, is withdrawn in its entirety. That opinion is vacated so as to leave open in this circuit all issues decided there.
 
 
 2
 This Title VII case is controlled by United Air Lines v. Evans, 431 U.S. 553, 97 S.Ct. 1885, 52 L.Ed.2d 571 (1977), decided subsequent to the appeal in this cause. The district court decision in Evans, which was reinstated by the decision of the Supreme Court, dismissed Ms. Evans' complaint on the ground that it had no jurisdiction of her time-barred claim.[1]
 
 The Evans Court concluded:
 
 3
 A discriminatory act which is not made the basis for a timely charge is the legal equivalent of a discriminatory act which occurred before the statute was passed. It may constitute relevant background evidence in a proceeding in which the status of a current practice is at issue, but separately considered, it is merely an unfortunate event in history which has no present legal consequences.
 
 
 4
 Since no plaintiff in this cause made a timely filing with the Equal Employment Opportunity Commission (EEOC),[2] the district court should have dismissed this cause for lack of jurisdiction. Plaintiffs sought to excuse their belated agency action by claiming that the discriminatory practices here were continuing wrongs which extended the time for filing. Evans also rejected this theory under precisely similar facts.
 
 
 5
 In the present appeal, plaintiffs concede Evans completely controls the present case,[3] but urge that we deny retroactive effect to this precedent on the equitable ground that they changed jobs and moved their homes in reliance on the district court's action. Neither does equity compel nor law permit such a result. This decision of the district court was duly appealed and has been at all times subject to appellate revision. Under these facts, we are legally bound to apply the law as it is given at the time we adjudicate. Thorpe v. Housing Authority of City of Durham, 393 U.S. 268, 89 S.Ct. 518, 21 L.Ed.2d 474 (1969); United States v. Hinds County School Board, 560 F.2d 619 (5th Cir. 1977).
 
 
 6
 The judgment of the district court is vacated and the appeal is dismissed.
 
 
 7
 ALVIN B. RUBIN, Circuit Judge, with whom VANCE, Circuit Judge, joins, dissenting:
 
 
 8
 Insofar as the majority opinion holds that the consent decree must be vacated because the trial court lacked jurisdiction of this case, and that this court now lacks jurisdiction over any appeal from its action, I must respectfully dissent.
 
 
 9
 United Air Lines, Inc. v. Evans, 1977, 431 U.S. 553, 556, 97 S.Ct. 1885, 1888, 52 L.Ed.2d 571, decided two years after the district court acted in this matter, held that the failure to file a charge with the EEOC within the time prescribed by the statute "foreclosed any relief under Title VII."[1] The dismissal in Evans was for failure to show compliance with the statute; it was, therefore, a dismissal for lack of legal merit in the claim. This was noted in the dissent in Evans, 431 U.S. at 561, 97 S.Ct. at 1890, 52 L.Ed.2d at 580, note 1, "Although the district court dismissed (the claim) for lack of jurisdiction . . . , the basis for his ruling was that the complaint was time barred. Thus, the dismissal closely resembles a dismissal for failure to state a claim upon which relief can be granted . . . ." See also, International Union of Elec. Workers v. Robbins & Myers, Inc., 1976, 429 U.S. 229, 97 S.Ct. 441, 50 L.Ed.2d 427.
 
 
 10
 Here, however, the majority dismisses the suit for lack of jurisdiction on the thesis that, if the EEOC complaint in this case was not timely filed (a conclusion that was not certain at the time the district court acted but is now established as a result of the Evans decision), the district court lacked jurisdiction of the case from the beginning. Because I do not read either Evans or the statute as making timely filing with the EEOC a jurisdictional prerequisite to court action, but merely a bar to successful litigation, I respectfully dissent.
 
 
 11
 Courts, including this one, have said repeatedly that timely filing with the EEOC is a "jurisdictional" prerequisite to a Title VII action, see, e. g., Cutliff v. Greyhound Lines, Inc., 5 Cir. 1977, 558 F.2d 803, 806; compare Pacheco v. Phelps Dodge Refining Corp., 5 Cir. 1976, 531 F.2d 709; East v. Romine, Inc., 5 Cir. 1975, 518 F.2d 332, 336; Belt v. Johnson Motor Lines, Inc., 5 Cir. 1972, 458 F.2d 443, 445, note 3; Boudreaux v. Baton Rouge Marine Contracting Co., 5 Cir. 1971, 437 F.2d 1011, 1014-1015, note 6; Culpepper v. Reynolds Metals Co., 5 Cir. 1970, 421 F.2d 888. What they mean by using the term "jurisdictional" is not clear, but it does not appear that, absent timely filing, a federal district court lacks jurisdiction of the subject matter of such a suit. Certainly, timely compliance with the conditions to legal action set forth in the Act is indispensable. This is clear not only from the express language of Section 2000e-5, but is a logical conclusion from the expressed legislative favor for voluntary conciliation.[2] Compare Beverly v. Lone Star Lead Const. Corp., 5 Cir. 1971, 437 F.2d 1136, with Mickel v. South Carolina State Employment Service, 4 Cir. 1967, 377 F.2d 239, cert. denied, 389 U.S. 877, 88 S.Ct. 177, 19 L.Ed.2d 166.
 
 
 12
 Thus, a claim that is not timely filed is subject to dismissal either on the ground that the plaintiff has not stated a claim for which relief could be granted, or, if the facts do not appear on the face of the pleadings, on motion for summary judgment. But these are dismissals because the claim has no merit, not because the court lacks subject matter jurisdiction.
 
 
 13
 The jurisdictional portion of the statute[3] is not qualified. It contains no provision withdrawing jurisdiction with respect to claims that are either not timely filed or are without merit for some other reason.[4] When it has considered other statutes, the Supreme Court has held that a claim's lack of merit (because it does not meet statutory prerequisites) does not imply a lack of jurisdiction in the court to consider and reject it. Romero v. International Terminal Operating Co., 1959, 358 U.S. 354, 359, 79 S.Ct. 468, 473, 3 L.Ed.2d 368; Lauritzen v. Larsen, 1953, 345 U.S. 571, 574, 73 S.Ct. 921, 924, 97 L.Ed.2d 1254. See, EEOC v. L. & N. R. Co., 5 Cir. 1974, 505 F.2d 610, cert. denied, 1975, 423 U.S. 824, 96 S.Ct. 39, 46 L.Ed.2d 41, where this court held the 180 day period provided for suits by the EEOC, 42 U.S.C. § 2000e-5(f) (1) is not a jurisdictional limitation. That same result should be reached here.
 
 Indeed, this court has recognized:
 
 14
 (The filing requirement in Title VII) is not 'jurisdictional' in the sense that compliance with it vel non determines the jurisdiction of the district court, without respect to any other circumstances in a particular case. We accept the view that the requirement should be analogized to statutes of limitation. Equitable modifications, such as tolling and estoppel, should also be applied here.
 
 
 15
 (I)t is clear that the Supreme Court and this court have not treated time limitations contained in Title VII as inflexible 'jurisdictional' absolutes, but have modified them in the interest of giving effect to the broad remedial purposes of the Act.
 
 
 16
 Reeb v. Economic Opportunity Atlanta, Inc., 5 Cir. 1975, 516 F.2d 924, at 928-929.[5]
 
 
 17
 Although this court has characterized the requirement as "jurisdictional" subsequent to Reeb, it has done so only after noting no circumstances that would justify modifying or waiving the requirement; hence, the complaint in those cases would have been dismissed regardless whether the filing requirement was characterized as jurisdictional or as a condition of bringing suit. Cutliff v. Greyhound Lines, Inc., 5 Cir. 1977, 558 F.2d 803, 805 ("conditions precedent or jurisdictional prerequisites"). Pacheco v. Phelps Dodge Refining Corp., 5 Cir. 1976, 531 F.2d 709; East v. Romine, Inc., 5 Cir. 1975, 518 F.2d 332, 336. See also, Eastland v. Tennessee Valley Authority, 5 Cir. 1977, 553 F.2d 364, 368, cert. denied, 1977, --- U.S. ----, 98 S.Ct. 611, 54 L.Ed.2d 479. Reeb has been followed by at least one other circuit court. See Dartt v. Shell Oil Co., 10 Cir. 1976, 539 F.2d 1256, aff'd per curiam, 1977, --- U.S. ----, 98 S.Ct. 600, 54 L.Ed.2d 472.
 
 
 18
 The thesis that timely filing is a prerequisite to subject matter jurisdiction is inconsistent with the rulings of the Supreme Court in other Title VII class actions, and, also, with its views concerning jurisdictional requirements in other kinds of class actions. Thus, timely filing by one member of a Title VII class makes eligible for consideration the claims of those class members who did not themselves file claims. Franks v. Bowman Transp. Co., Inc., 1976, 424 U.S. 747, 96 S.Ct. 1251, 47 L.Ed.2d 444; U. S. v. Georgia Power Co., 5 Cir. 1973, 474 F.2d 906, 925; compare, Inda v. United Air Lines, Inc., 9 Cir. 1977, 565 F.2d 554, 559. Hence, one member of a class may suspend what the majority consider a jurisdictional limitation for members of the class who have not complied with the jurisdictional requirement.
 
 
 19
 Yet, a claim of more than $10,000 by any one class member in a suit based on diversity will not similarly grace those claims that fall below the jurisdictional minimum, Zahn v. International Paper Co., 1973, 414 U.S. 291, 94 S.Ct. 505, 38 L.Ed.2d 511; Snyder v. Harris, 1969, 394 U.S. 332, 89 S.Ct. 1053, 22 L.Ed.2d 319. If timely filing is a jurisdictional requirement under Title VII, in the way that, for example, a minimum amount in controversy is a jurisdictional requirement for suits brought under 28 U.S.C. § 1332, then it is difficult to reconcile these decisions.
 
 
 20
 If compliance with the filing requirement may be subject to equitable modification and estoppel, these doctrines should be applied here.[6] See Autera v. Robinson, 1969, 136 U.S.App.D.C. 216, 419 F.2d 1197; Cia Anon Venezolana De Navegacion v. Harris, 5 Cir. 1967, 374 F.2d 33. The parties to this case could not foresee that Evans would be decided as it was; they reached a settlement based on their appraisal of the strengths and weaknesses in their legal and factual positions. What they did in good faith[7] (on the basis of what could then be known) should not be abrogated because all of us not know more.[8] The parties have lived with the consent decree for three years and relied upon its continuing effect.
 
 
 21
 There are a host of classic reasons why court should encourage litigants to compose their differences. To this list we should now add crowded dockets, the cost of litigation, and the long wait for judicial determination. In 1978, the litigants and the trial court learn for the first time what they could not have known in 1974 when this suit was commenced: that their good faith efforts to compromise were, perhaps, for naught. Lawyers and trial judges may well inquire what is to be their course in future litigation: Must the court insist that the parties litigate to final judgment on the merits? Or should the lawsuit lie fallow until the almost unpredictable course of future litigation becomes knowable history?
 
 
 22
 It is difficult to perceive the result of dismissing this action. The consent decree is obviously wiped out, but it does not necessarily follow that the settlement agreement on which it was based is obliterated. That agreement was consented to by the parties before it was presented to the court to be incorporated into a decree; it presumably remains binding whether or not the court had jurisdiction to adopt it as a judicial order. Thomas v. State of La., 5 Cir. 1976, 534 F.2d 613; Warner v. Rossignol, 1 Cir. 1975, 513 F.2d 678; see also, U. S. v. ITT Continental Baking Co., 1975, 420 U.S. 223, 236-237, 95 S.Ct. 926, 934, 43 L.Ed.2d 148, 235.[9] The evidence indicates that the agreement was the valid result of good faith collective bargaining. The institution of litigation under Title VII does not abrogate the duties of employers and employees to bargain collectively or their powers to bargain with respect to matters involving the elimination of alleged discrimination; it merely requires that the good faith, always incumbent on collective bargaining agents, be exercised in conformity with Title VII and any other applicable laws.[10] Compare, Myers v. Gilman Paper Corp., 5 Cir. 1977, 544 F.2d 837, 857, amended and modified on other grounds, 556 F.2d 758; cert. denied, --- U.S. ----, 98 S.Ct. 28, 54 L.Ed.2d 59; United States v. Allegheny-Ludlum Industries, Inc., 5 Cir. 1975, 517 F.2d 826, cert. denied, 1976, 425 U.S. 944, 96 S.Ct. 1684, 48 L.Ed.2d 187. If my supposition that their agreement is still valid is erroneous, then presumably a new dispute exists with respect to the fate of the employees who were restored to work positions, and this may well give rise to a new lawsuit.
 
 
 23
 A peace treaty was executed by parties judicially found to have negotiated with each other in good faith. To dismiss the suit now not only casts doubt upon the continuing effect of their compact, but undermines any effort to compromise Title VII litigation when legal issues relating to the existence of a cause of action are disputed.
 
 
 24
 For these reasons, I respectfully DISSENT from the dismissal. It would serve no useful purpose for me to attempt to review the action I would take on the various troublesome issues in the case were jurisdiction sustained. However, I concur in the withdrawal of the panel opinion insofar as it related to Rule 23, Federal Rules of Civil Procedure.
 
 
 
 *
 Judges Thornberry and Hill did not participate in the consideration of or decision in this case
 
 
 [1]
 This alleged discriminatory termination of Ms. Evans as a stewardess in 1968 was not made the basis of charges filed with the Equal Employment Opportunity Commission until 1973. The applicable statute required such a charge to be filed within 90 days of the alleged unlawful practice. 42 U.S.C. § 2000e-5(d). The 1972 amendments enlarged this time to 180 days. 42 U.S.C. § 2000e-5(e)
 
 
 [2]
 The most prompt EEOC filing by any plaintiff here was not made until 1 year and 91/2 months after the alleged discrimination. The charge filed by one stewardess-plaintiff was over 10 years late
 
 
 [3]
 Their supplemental brief on Rehearing En Banc states, "If that decision had been in existence when this action was initiated, the action would not have been initiated."
 
 
 [1]
 The court noted, but did not comment on, the fact that the district court "dismissed the complaint on the ground that it had no jurisdiction of a time-barred claim." (Emphasis supplied.) Id., note 8. It does comment, "Respondent cannot rely for jurisdiction on the single act of failing to assign new seniority credit . . . ." (Emphasis supplied.) Id., note 9
 
 
 [2]
 At first many courts considered an actual conciliation effort to be prerequisite to suit, but ultimately it was agreed that filing with the EEOC suffices, even if the agency fails to initiate a conciliatory effort. See Dent v. St. Louis San Francisco Ry. Co., N.D.Ala.1967, 265 F.Supp. 56, rev'd, 5 Cir. 1969, 406 F.2d 399, cert. denied, 1971, 403 U.S. 912, 91 S.Ct. 2219, 29 L.Ed.2d 689; Quarles v. Philip Morris, Inc., E.D.Va.1967, 271 F.Supp. 842; Mondy v. Crown Zellerbach Corp., E.D.La.1967, 271 F.Supp. 258, rev'd on other grounds, 5 Cir. 1968, 398 F.2d 496; see also Johnson v. Seaboard Coast Line Ry. Co., 4 Cir. 1968, 405 F.2d 645, cert. denied, 1969, 394 U.S. 918, 89 S.Ct. 1189, 22 L.Ed.2d 451. The Act does require that litigants have "at least an opportunity to reach a more amicable conciliation out of court." Beverly v. Lone Star Lead Const. Corp., 5 Cir. 1971, 437 F.2d 1136, 1139. (Emphasis in original.) The majority opinion distorts the original rationale for the filing requirement by vacating, for failure to timely file, a consent decree that resulted from the very informal conciliation process that the filing requirement sought to promote
 
 
 [3]
 42 U.S.C. § 2000e-5(f)(3) provides:
 Each United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter. Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office. For purposes of sections 1404 and 1406 of Title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought.
 
 
 [4]
 Compare The Social Security Act, 42 U.S.C. § 405(g)
 
 
 [5]
 See Judge Wisdom's perceptive analysis in Reeb
 
 
 [6]
 The trial court expressly precluded intervenors from raising jurisdictional issues; see the panel opinion, 556 F.2d at 301, and held defendant-appellees were estopped from repudiating their own settlement agreement. See the trial court opinion, 404 F.Supp. at 525; see also, Cia Anon Venezolana De Navegacion v. Harris, supra, 374 F.2d at 35; Autera v. Robinson, supra, 419 F.2d at 1201
 It is well-established that under some circumstances parties will be barred from raising the lack of jurisdiction of the trial court. See Chicot County Drainage Dist. v. Baxter State Bank, 1940, 308 U.S. 371, 60 S.Ct. 317, 84 L.Ed. 329; In re Trimble Co., 3 Cir. 1973, 479 F.2d 103; Lubben v. Selective Service System Local Bd. No. 27, 1 Cir. 1972, 453 F.2d 645; Mike Hooks, Inc. v. Pena, 5 Cir. 1963, 313 F.2d 696.
 
 
 [7]
 See the trial court opinion, 404 F.Supp. at 521. See also, the panel opinion, 556 F.2d at 300, note 4. The original agreement was modified by the district court after intervenors objected to its terms. The union was not actively involved at the time of these modifications, 556 F.2d at 300, note 4
 
 
 [8]
 The compromise of a claim without merit, if fairly negotiated, is binding. Cia Anon Venzolana De Navegacion v. Harris, 5 Cir. 1967, 374 F.2d 33
 
 
 [9]
 The construction and enforcement of the agreement are governed by principles of state law. Florida Ed. Ass'n, Inc. v. Atkinson, 5 Cir. 1973, 481 F.2d 662
 
 
 [10]
 Title VII imposes a duty on a union that is a collective bargaining agent, and the union may itself be charged with violating the statute in its agency role. Carey v. Greyhound Bus Co., 5 Cir. 1974, 500 F.2d 1372; Guerra v. Manchester Terminal Corp., 5 Cir. 1974, 498 F.2d 641; Macklin v. Spector Freight Systems, Inc., 1973, 156 U.S.App.D.C. 69, 478 F.2d 979