Franklin PROPHET, Plaintiff-Appellant,

v.

ARMCO STEEL, INC.,
Defendant-Appellee.

No. 78–1108
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

June 23, 1978.

Gordon R. Cooper, Houston, Tex., for plaintiff-appellant.

Butler, Binion, Rice, Cook & Knapp, Michael W. Fox, Louis B. Paine, Jr., Houston, Tex., for defendant-appellee.

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Before BROWN, Chief Judge, COLE-MAN, and VANCE, Circuit Judges.

PER CURIAM:

Prophet filed suit, 42 U.S.C. §§ 1981 and 2000e–5, against his former employer, Armco Steel Corp. (Armco), alleging that he had been terminated from his employment on racial grounds in June of 1975. The District Court granted Armco's motion to dismiss on grounds that the court lacked subject matter jurisdiction under 42 U.S.C. § 2000e et seq., since suit was not filed within the 90-day period following receipt of the EEOC notice of right to sue, and also the suit was untimely under 42 U.S.C. § 1981 because filed over the 2-year prescriptive period provided by Texas law for such actions.

Appellant received his notice of right to sue letter from the EEOC on July 19, 1977, a Tuesday. He began this action on October 19, 1977, 92 days after the notice was received.[1] 42 U.S.C. § 2000e–5(f)(1) requires that a complaint be filed within 90 days after receipt of a right to sue letter, and this 90-day period has been held to be jurisdictional. See Pacheco v. Phelps Dodge Refining Corp., 5 Cir. 1976, 531 F.2d 709, and cases therein cited. The court may not extend this period, Archuleta v. Duffy's Inc., 10 Cir. 1973, 471 F.2d 33, and an action filed within 91 days is still time barred, Minor v. Lakeview Hospital, E.D.Wis.1976, 421 F.Supp. 485. The court, therefore, had no jurisdiction over the action brought under 42 U.S.C. § 2000e et seq.

Under 42 U.S.C. § 1981 this action was also properly dismissed, since appellant alleges that his discharge was in June of 1975 and suit was not filed until October 19, 1977, some 2 years and 4 months later. Under Johnson v. Railway Express Agency, Inc., 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975), the state statute of limitations would apply. Vernon's Tex.Civ.Stat.Ann. Art. 5526 requires that an action be brought

within 2 years of the act forming the basis of the suit. See Dupree v. Hutchins Bros., 5 Cir. 1975, 521 F.2d 236; Page v. U.S. Industries, Inc., 5 Cir. 1977, 556 F.2d 346. Accordingly, the § 1981 action is some 4 months late. Appellant's contention that the statute of limitations was tolled by the pendency of his administrative complaint with the EEOC has been decided adversely to his position in Johnson v. Railway Express Agency, Inc., supra.

His other claim that the alleged discrimination should be treated as a continuing violation is invalid since termination of employment, either through discharge or resignation, is not a "continuing" violation that operates as a bar to the application of pertinent limitation periods for filing discrimination charges. Olson v. Rembrandt Printing Co., 8 Cir. 1975, 511 F.2d 1228; Terry (Leftwich) v. Bridgeport Brass Company, 7 Cir. 1975, 519 F.2d 806; Rudolph v. Wagner Electric Corp., E.D.Mo.1978, 445 F.Supp. 836.

AFFIRMED.

---

1. For purposes of computing this 90-day limitation period the first day is omitted and last day

counted. Geronymo v. Joseph Horne Co., W.D. Pa.1977, 440 F.Supp. 1157, 1159.