621 F.2d 117
 24 Fair Empl.Prac.Cas. 1077,
23 Empl. Prac. Dec. P 31,086
Agnes E. NILSEN, Individually and on behalf of all persons
similarly situated, Plaintiff-Appellant Cross-Appellee,
v.
The CITY OF MOSS POINT, MISSISSIPPI et al.,
Defendants-Appellees Cross-Appellants, two cases.
 Nos. 79-1969, 79-1977
 
 Summary Calendar.*
 United States Court of Appeals,
Fifth Circuit.
 July 7, 1980.
 John L. Walker, Jr., Jackson, Miss., for plaintiff-appellant cross-appellee.
 Fuselier, Ott, McKee & Flowers, M. Curtiss McKee, Richard C. Roberts, III, Jackson, Miss., Robert T. Mills, Moss Point, Miss., for defendants-appellees cross-appellants.
 Appeals from the United States District Court for the Southern District of Mississippi.
 Before RONEY, KRAVITCH and TATE, Circuit Judges.
 RONEY, Circuit Judge:
 Plaintiff appeals from summary judgment in two Title VII sex discrimination actions. Agreeing with the district court that she failed to comply with statutorily mandated limitations periods for Title VII actions, and holding that the district court did not abuse its discretion in dismissing other motions in the case, we affirm.
 In the summer of 1974 plaintiff Agnes Nilsen applied for a job as a fire fighter with the Fire Department in Moss Point, Mississippi. After not being hired, she filed an EEOC charge of sex-based discrimination, naming as respondent the City of Moss Point. On June 5, 1975, the Department of Justice issued her a notice of right to sue.
 
 
 1
 The following month she brought the first of three Title VII suits (hereafter Nilsen I) against Holmberg, the Chief of the Fire Department, and Smith, the Chairman of the City Civil Service Commission. Holmberg and Smith answered and moved to dismiss on the grounds that they were not employers and had not been named as respondents in a charge of discrimination filed with the EEOC.
 
 
 2
 On November 24, 1975, the district court sustained Holmberg and Smith's motion to dismiss. On December 5, plaintiff sought to amend her original complaint by adding as defendants the City of Moss Point and ten additional individuals and city government departments. This motion was denied on January 13. The district court held that as to all defendants except the City of Moss Point, no EEOC charges had been filed against them. As to the City of Moss Point, the court held that the ninety-day period for filing suit had lapsed on September 5, 1975. The court held that allowing an amendment would constitute commencement of a new action. Plaintiff did not appeal this first suit, Nilsen I, which is therefore before us only insofar as it relates to two subsequent lawsuits, which have been appealed.
 
 
 3
 The second suit, Nilsen II, was filed on January 13, 1976, naming as defendants all parties named in the motion to amend Nilsen I. The complaint was substantially identical to the original complaint in Nilsen I. Following extensive settlement efforts by the parties, the district court in February 1979 granted defendants' motion for summary judgment, rejecting plaintiff's argument that her suit in Nilsen I tolled the ninety-day period for filing suit against the City of Moss Point and finding that no EEOC charges had ever been filed against the other defendants.
 
 
 4
 The third suit, Nilsen III, involved a second EEOC complaint alleging continuing discrimination. That EEOC complaint was filed by plaintiff against the City, the Mayor, the Fire Department, and the Civil Service Commission on November 15, 1975. Plaintiff received notice of right to sue on March 23, 1976, and filed suit on July 21, 1976. The suit named the same defendants as in Nilsen II and the allegations are virtually identical to those in the earlier cases. On defendants' motion for summary judgment, the district court concluded that the last day on which plaintiff could have become aware that she had been discriminated against was September 24, 1974, the date she filed her first EEOC complaint. Since well over 180 days had passed before she filed her second EEOC complaint, the district court held that her suit was barred by the limitation period in 42 U.S.C.A. § 2000e-5(e) and granted defendants' motion for summary judgment.
 
 
 5
 On June 15, 1977, following defendants' motions for summary judgments, plaintiff sought to amend her complaints in both Nilsen II and III by setting forth additional causes of action based on the Fourteenth Amendment and 42 U.S.C.A. §§ 1983 and 1985(3). Because no new facts were alleged in the motions to amend, and because the cause of action occurred more than two years and eight months prior to her motions with no asserted reasons for the delay, the district court denied her motions to amend in both cases.
 
 
 6
 Defendants counterclaimed for vexatious litigation in Nilsen III and sought attorney's fees in both cases. In the same order granting defendants' summary judgment and denying plaintiff's motion to amend, the district court dismissed the defendants' claims.
 
 
 7
 Plaintiff now appeals from the summary judgments in Nilsen II and III and from the denial of her motion to amend. Defendants cross-appeal from the order dismissing their counterclaim and denying them attorney's fees. The cases have been consolidated for appeal.
 
 A. Nilsen II
 
 8
 The jurisdictional prerequisites for a Title VII action by a private plaintiff are the filing with the EEOC of a charge against the employer and the issuance of a right to sue letter against the respondent named in the charge. Beverly v. Lone Star Lead Construction Corp., 437 F.2d 1136 (5th Cir. 1971). These prerequisites were not met with respect to any of the defendants except the City of Moss Point. Summary judgment was clearly appropriate as to all the other defendants.
 
 
 9
 Plaintiff did meet those requirements with respect to the City of Moss Point. Filed on January 13, 1976, on a notice to sue letter dated June 5, 1975, Nilsen II did not meet the jurisdictional and mandatory requirement of 42 U.S.C.A. § 2000e-5(f)(1) that civil actions be commenced within ninety days after receiving notice of the right to sue. See Prophet v. Armco Steel, Inc., 575 F.2d 579, 580 (5th Cir. 1978); Pacheco v. Phelps Dodge Refining Corp., 531 F.2d 709, 711 (5th Cir. 1976). Unless the ninety-day period of limitations was somehow tolled, the summary judgment was appropriately entered.
 
 
 10
 The mere filing of the action against Holmberg and Smith did not toll the running of the statute against the City of Moss Point. It is elementary that a suit against one person does not arrest the running of the limitations period against another. See Shelley v. Bayou Metals, 561 F.2d 1209, 1210 (5th Cir. 1977); 51 Am.Jur.2d Limitation of Action § 204 (1970).
 
 
 11
 In Chappell v. Emco Machine Works Co., 601 F.2d 1295 (5th Cir. 1979), this Court reviewed those cases which have permitted an equitable tolling of the Title VII limitation periods. The Court there identified three distinct situations in which the Title VII limitations have been suspended: (1) during the pendency of an action against the same parties and involving the same cause of action in a state court which had jurisdiction over the subject matter of the suit but was the wrong forum under state law; (2) when the defendant concealed facts that support the plaintiff's cause of action, until such time as the plaintiff knew or should have known of those facts; and (3) when the EEOC misleads a complainant about the nature of his rights under Title VII. Id. at 1302-03.
 
 
 12
 The facts of this case do not fit into any of the three categories discussed above. Plaintiff did not file any state court action against the city, does not contend that the city concealed facts from her, or that the EEOC misled her concerning the nature of her rights. Her only contention is that the district court erred in not allowing her to amend her complaint in Nilsen I by adding additional parties and that this Court should correct the inequity resulting from that error by tolling the limitations period in Nilsen II.
 
 
 13
 The district court's action in Nilsen I is not reviewable here because plaintiff did not appeal. Furthermore, even if it were, it would not present any basis for equitable tolling of the limitations period. Pleadings may be amended only by leave of the district court, Fed.R.Civ.P. 15, and, while such leave is to be freely given when justice so requires, the decision is left to the sound discretion of the district court and will only be reversed on appeal when that discretion has been abused. Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330, 91 S.Ct. 795, 802, 28 L.Ed.2d 77 (1971); Dunn v. Koehring Co., 546 F.2d 1193, 1198 (5th Cir. 1977). It was not an abuse of discretion for the district court to deny the motion to amend which, some three months after the limitations period had already run, sought to add a number of new parties, only one of which had been the subject of an EEOC complaint and right to sue letter. The district court's action in Nilsen I presents no grounds upon which the limitations period in Nilsen II may be equitably tolled. The district court was without jurisdiction and correctly granted summary judgment.
 
 B. Nilsen III
 
 14
 On November 15, 1975, plaintiff filed a second complaint with the EEOC alleging continuing discrimination. After the Justice Department issued a second right to sue letter, plaintiff filed Nilsen III. The factual allegations in Nilsen III were identical to those in Nilsen II.
 
 
 15
 An EEOC complaint must be filed within 180 days of the alleged discrimination. 42 U.S.C.A. § 2000e-5(e). Timely filing of an EEOC complaint is a jurisdictional prerequisite to bringing a Title VII action in federal court. Cutliff v. Greyhound Lines, Inc., 558 F.2d 803, 806 (5th Cir. 1977). Thus, when a plaintiff's complaint
 
 
 16
 contains allegations of continuing discrimination, it is incumbent upon the court in a pretrial determination of the existence of jurisdiction to "analyze the specific claims of continuous discrimination to make sure that true continuous discrimination charges have been alleged."
 
 
 17
 Dumas v. Town of Mount Vernon, 612 F.2d 974, 977 (5th Cir. 1980), quoting Myles v. Schlesinger, 436 F.Supp. 8, 14 (E.D.Pa.1976) (as amended 1977). The task before the court in making the jurisdictional determination is to identify which of several alleged discriminatory events triggers the running of the limitations period, and thereby ascertain whether the EEOC complaint was filed before the expiration of the 180-day period.
 
 
 18
 In cases alleging discriminatory failure to hire, the filing period begins to run when " 'facts supportive of a Title VII charge or civil rights action are or should be apparent to a reasonably prudent person similarly situated,' " Dumas v. Town of Mount Vernon, 612 F.2d at 978, quoting Hamilton v. General Motors Corp., 606 F.2d 576, 579 (5th Cir. 1979), or upon the happening of events which, " 'in fairness and logic, should have alerted the average lay person to act to protect his rights, or when he should have perceived that discrimination was occurring.' " Dumas v. Town of Mount Vernon, 612 F.2d at 978, quoting Elliot v. Sperry Rand Corp., 79 F.R.D. 580, 585 (D.Minn.1978).
 
 
 19
 The district court concluded that September 24, 1974, the date plaintiff filed her first EEOC complaint, was the last day on which plaintiff had full knowledge of facts supporting a discrimination charge. It is undisputed that plaintiff never reapplied with the fire department after she was rejected in the summer of 1974. Her second EEOC complaint was filed only after Holmberg and Smith moved to dismiss Nilsen I on the ground that they had not been named in the EEOC complaint. In view of these facts the district court's finding was not clearly erroneous. Since there are no reasons why the limitations period should be tolled in this case, the district court correctly decided the second EEOC complaint was not timely filed and therefore the court lacked jurisdiction.
 
 C. Motions to Amend
 
 20
 Plaintiff appeals from the district court's denial of her motion to amend her complaints in Nilsen II and III seeking to include a count alleging causes of action under 42 U.S.C.A. §§ 1983 and 1985(3) and the Fourteenth Amendment. The district court was troubled by the two year and eight month delay between the accrual of the cause of action and the attempted amendment, and by the one year and three month lapse since defendants moved for summary judgment. It denied the motion to amend because there was undue delay with prejudice to the defendants and because the plaintiff had been unnecessarily dilatory without asserting any reason therefor.
 
 
 21
 Rule 15(a) states that after a responsive pleading has been served, "a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). A denial of leave to amend will not be disturbed unless there has been an abuse of discretion. See Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. at 330, 91 S.Ct. at 802; Dunn v. Koehring Co., 546 F.2d at 1198.
 
 
 22
 This Court, in Freeman v. Continental Gin Co., 381 F.2d 459, 469 (5th Cir. 1967), held:
 
 
 23
 It is clear that lack of diligence is reason for refusing to permit amendment. . . . Where there has been such lack of diligence, the burden is on the party seeking to amend to show that the delay "was due to oversight, inadvertence, or excusable neglect." . . . Leave will be denied unless he shows some "valid reason for his neglect and delay." (citations omitted)
 
 
 24
 In light of plaintiff's unexplained dilatoriness, we hold the district court did not abuse its discretion in denying leave to amend.
 
 D. Counterclaim and Attorney's Fees
 
 25
 The district court dismissed defendants' counterclaim against plaintiff and her attorney for state law malicious prosecution and abuse of process. When a plaintiff's complaint is dismissed for lack of federal jurisdiction, a counterclaim which has no independent grounds of jurisdiction may be dismissed. See City of Houston v. Standard-Triumph Motor Co., 347 F.2d 194, 201 n.20 (5th Cir. 1965), cert. denied, 382 U.S. 974, 86 S.Ct. 539, 15 L.Ed.2d 466 (1966); Illinois Central Railroad v. Howlett, 525 F.2d 178 (7th Cir. 1975), cert. denied, 424 U.S. 976, 96 S.Ct. 1482, 47 L.Ed.2d 746 (1976); 3 Moore's Federal Practice § 13.15(1) at 13-382 (2d ed. 1979).
 
 
 26
 The district court declined to award defendants attorney's fees in either Nilsen II or III. The standard for awarding attorney's fees to the successful defendant in a Title VII action was established by the Supreme Court in Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978):
 
 
 27
 In sum, a district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.
 
 
 28
 The district court, applying the Christiansburg Garment test, found that plaintiff's claims were not "frivolous, unreasonable or groundless, or that the plaintiff continued to litigate after it clearly became so." Upon review of the entire record we cannot conclude that this finding is clearly erroneous or that the district court abused its discretion in denying the award of attorney's fees. See Little v. Southern Electric Steel Co., 595 F.2d 998 (5th Cir. 1979); Lopez v. Aransas County Independent School District, 570 F.2d 541 (5th Cir. 1978).
 
 
 29
 AFFIRMED.
 
 
 
 *
 Fed.R.App.P. 34(a); 5th Cir. R. 18