**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

**No. 01-40511**

_____

**GEORGE ALAN ROBERTS,**

**Plaintiff - Appellant,**

**v.**

**ORANGE COUNTY SHERIFF'S DEPT.,
et al.,**

**Defendants - Appellees.**

**Appeal from the United States District Court
for the Eastern District of Texas,
Beaumont Division
Lower Court No. 1:99-CV-330**

October 7, 2002

ORDER ON PETITION FOR REHEARING EN BANC

Before JONES, SMITH and EMILIO M. GARZA, Circuit Judges.[*]

Treating the petition as one for panel rehearing, the previous opinion of the Court, issued on July 12, 2002, is withdrawn, and the following opinion is substituted therefor,

PER CURIAM:[*]

---

[*] The district court's summary judgment order dismissed several other claims which Roberts does not appeal.

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

George Alan Roberts appeals the district court's summary judgment dismissing his claims of sexual harassment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, and breach of contract. The district court determined that Roberts's Title VII claims were time-barred pursuant to 42 U.S.C. § 2000e5-(f)(1) because Roberts did not file suit within ninety days of his receipt of notice of his right-to-sue from the Equal Employment Opportunity Commission ("EEOC"). The district court determined that Roberts's breach of contract action was foreclosed by precedent of this court. For the reasons that follow, we reverse in part and affirm in part.

A plaintiff in a Title VII action must file suit within ninety days after the EEOC gives notice of the plaintiff's right-to-sue. 42 U.S.C. § 2000e-5(f)(1) ("within ninety days after the giving of such notice a civil action may be brought"). This ninety-day limitations period is akin to a statute of limitations, Sessions v. Rusk State Hospital, 648 F.2d 1066, 1069-70 (5th Cir. 1981), and is subject to equitable tolling in appropriate cases, Nilsen v. Moss Point, 621 F.2d 117, 120 (5th Cir. 1980). This period begins upon the complainant's receipt of his right-to-sue letter. Pacheco v. Phelps Dodge Refining Corp., 531 F.2d 709, 711 (5th Cir. 1976).

It is undisputed that Roberts received his right-to-sue

letter on February 27, 1999.[1]  He filed suit on May 28, 1999.  It is disputed, however, whether this filing falls within the statute's ninety-day period.  The district court held that "day one" of this period was February 27, the day on which the letter was received.  Roberts argues that February 28, the day subsequent to receipt, should be regarded as "day one."

This court holds that the district court's method of counting does not satisfy the statutory requirement.  In 1978 this court first articulated the manner in which this ninety-day period should be calculated:  "For purposes of computing this 90-day limitation period the first day is omitted and last day counted." Prophet v. Armco Steel, Inc., 575 F.2d 579, 580 n.1 (5th Cir. 1978).  See also Fed.R.Civ.P. R. 6(a) ("In computing any period of time . . . the day of the act, event, or default from which the designated period of time begins to run shall not be included.  The last day of the period so computed shall be included . . . .").  In no subsequent case has this court articulated a different approach.

The ability to articulate a rule does not, however, necessarily suggest the ability to apply it.  To this court's credit, in three of the four cases in which this question was subsequently raised we correctly applied the Prophet rule.  Taylor

---

[1]    There is a factual dispute regarding the date notice was "given" by the EEOC in the summary judgment evidence.  Roberts concedes, however, that he had actual notice of his right-to-sue on February 27, 1999.

v. Books-a-Million, Inc., 286 F.3d 376, 380 (5th Cir. 2002); Ringgold v. Nat'l Maintenance Corp., 796 F.2d 769 (5th Cir. 1986); Decker v. Anheuser-Busch, 632 F.2d 1221 (5th Cir. 1980) rev'd en banc (on other grounds) 670 F.2d 506 (5th Cir. 1982). In one of the cases we did not. Espinoza v. Missouri Pacific Railroad Co., 754 F.2d 1254 (5th Cir. 1985).

Concluding that Roberts filed his complaint on "day ninety," we accordingly remand this case to the district court for consideration of Roberts's Title VII claims.

The district court, however, did not err in dismissing Roberts's breach of contract claims. The district court determined, and Roberts concedes, that Roberts's breach of contract action is foreclosed by Garcia v. Reeves Cty., 32 F.3d 200 (5th Cir. 1994) (explaining that, under Texas law, employees who work for a sheriff are at-will employees who serve at the pleasure of the elected official). Roberts has raised this issue on appeal to preserve further review. As we are bound by Garcia, we affirm the district court's order dismissing Roberts's breach of contract claim.

For the reasons stated above, we **AFFIRM** the judgment of the district court regarding Roberts' breach of contract claims, but **REVERSE** and **REMAND** for consideration of his Title VII claims.