# United States Court of Appeals for the Fifth Circuit

_____

No. 24-20389
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**

May 7, 2025

Lyle W. Cayce
Clerk

MELISSA A. BERRY SMITH,

*Plaintiff—Appellant*,

*versus*

TEXAS CHILDREN'S HOSPITAL, INCORPORATED,

*Defendant—Appellee*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:22-CV-4250

_____

Before DAVIS, SMITH, and HIGGINSON, *Circuit Judges*.

PER CURIAM:[*]

Plaintiff-Appellant Melissa Berry Smith appeals after the district court found her Title VII discrimination claim time-barred and granted summary judgment in favor of her former employer, Defendant-Appellee Texas Children's Hospital.[1] We AFFIRM.

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

[1] 42 U.S.C. § 2000e-2(a)(1) (making it unlawful for an employer to "fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual

No. 24-20389

Before pursuing an employer in federal court, an employment-discrimination plaintiff must timely file with the EEOC a charge of discrimination, then await notice of the agency's final determination.[2] Once that notice is given, a plaintiff has 90 days to initiate suit against her employer.[3] This 90-day period is strictly construed and operates like a statute of limitations, rendering it susceptible to equitable tolling.[4]

Smith filed her charge of discrimination in December 2021. On September 8, 2022, an EEOC investigator emailed Smith and conveyed the agency had concluded its investigation, was dismissing the case with no further action, and would post the "Dismissal and Notice of Right to Sue" to the EEOC's online public portal.[5] The email admonishes Smith of the 90-day period to file suit, concluding, "*If you do not file a lawsuit within the required 90-day period, your right to file a lawsuit in this matter will expire and cannot be restored by EEOC.*" There's no dispute that Smith received and read the email on September 8, and the record contains an access log for the EEOC's portal that reflects Smith downloaded the right-to-sue letter the

---

with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . religion[.]").

[2] *Id.* § 2000e-5(e)(1) (timing for filing a charge of discrimination); *id.* § 2000e-5(f)(1) (notification of agency determination); 29 C.F.R. § 1601.19 (no-cause determinations).

[3] 42 U.S.C. § 2000e-5(f)(1).

[4] *Id.*; *Espinoza v. Mo. Pac. R.R. Co.*, 754 F.2d 1247, 1248 n.1 (5th Cir. 1985) (noting equitable tolling applies to 90-day period); *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002) (discussing strict construction of 90-day statutory period).

[5] The EEOC's Public Portal is designed for claimants like Smith to file charges of discrimination and to submit and receive documents and messages from the agency about their charges. EEOC PUBLIC PORTAL, https://www.eeoc.gov/eeoc-public-portal (last visited April 23, 2025).

same day. But she waited another 91 days—until December 8, 2022—to file suit.

Once suit commenced, TCH propounded requests for admissions. In response to its first two requests, Smith admitted she "received a notice of right to sue letter from the EEOC" and that receipt took place on September 8, 2022. Armed with these admissions, TCH moved for summary judgment, arguing Smith's suit was time-barred. Instead of moving to amend or withdraw her admissions under Rule 36, Smith tried to impeach them on summary judgment via sworn declaration.[6] Her declaration explains she did not "know[]" her EEOC-portal password as of September 8 and did not reset it to access the right-to-sue letter until September 13, when, in her view, the 90-day clock started to tick. Alternatively, she argued the period to file should be equitably tolled during the five days she couldn't access the portal.

The district court bound Smith to her admissions and, as a result, concluded she filed her complaint one day too late.[7] The court also declined to toll the limitations period and dismissed her case with prejudice. We review the summary judgment de novo and the declination to toll the limitations period for abuse of discretion.[8]

---

[6] FED. R. CIV. P. 36(b) ("A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended.").

[7] *Smith v. Tex. Child.'s Hosp.*, No. 22-4250, 2024 WL 3489207, at *2, *4 (S.D. Tex. July 19, 2024), *report and recommendation adopted*, 2024 WL 3744387 (S.D. Tex. Aug. 8, 2024).

[8] *Castellanos-Contreras v. Decatur Hotels, LLC*, 622 F.3d 393, 397 (5th Cir. 2010) (providing review of grant or denial of summary judgment is de novo); *Granger v. Aaron's, Inc.*, 636 F.3d 708, 712 (5th Cir. 2011) (regarding review of a district court's application of equitable tolling).

No. 24-20389

On appeal, Smith attempts to reconcile her admissions and sworn declaration. But her semantic arguments are unsupported and, regardless, don't surmount the collective weight of undisputed evidence—the portal log showing Smith accessed and downloaded the right-to-sue letter on September 8; her admissions, which she never moved to withdraw or amend; and her concession in brief that the EEOC's email provided, in her words, "informal notice of the right to sue[.]" Any one of these points would support a finding that the EEOC gave notice of Smith's right to sue on September 8.[9] Together, they are conclusive.[10]

Smith also argues for equitable tolling between September 8 and 13. But she offers neither argument nor evidence showing that "fortuitous circumstances beyond [her] control prevented [her] from learning of [her] right to sue."[11] Quite the opposite: the custody and safekeeping of Smith's portal password were uniquely within her control.[12] Likewise, there's no

_____

[9] *Whitehead v. Reliance Ins. Co.*, 632 F.2d 452, 459 (5th Cir. 1980) ("[T]he 90-day limitations period begins to run upon receipt by the charging party of unambiguous notice that the EEOC's processes have terminated and that the EEOC has decided not to bring suit; the notice need not, however, specifically inform the charging party of his right to file suit within the 90-day limitations period."); *Zambuto v. Am. Tel. & Tel. Co.*, 544 F.2d 1333, 1335 (5th Cir. 1977) ("When the aggrieved party knows EEOC has completed its efforts, the time for suit has come and the statute fixes its season as 90 days.").

[10] *Espinoza*, 754 F.2d at 1249 ("The statute does not establish the beginning of the ninety-day period as the date when the plaintiff 'receives' notice but starts the period at the 'giving of such notice.' . . . [T]his contemplates that the notice be given in such manner as to be received, it does not exact that the EEOC assure that the notice is actually read." (internal citations omitted)); *Ringgold v. Nat'l Maint. Corp.*, 796 F.2d 769, 770 (5th Cir. 1986) ("We hold that the 90-day period of limitation established by 42 U.S.C. § 2000e-5(f)(1) begins to run on the date that the EEOC right-to-sue letter is delivered . . . to the claimant.").

[11] *Espinoza*, 754 F.2d at 1249; *Teemac v. Henderson*, 298 F.3d 452, 457 (5th Cir. 2002) ("The party who invokes equitable tolling bears the burden of proof.").

[12] *Espinoza*, 754 F.2d at 1250 ("We hold that the giving of notice to the claimant at the address designated by him suffices to start the ninety-day period unless the claimant,

suggestion that fortuitous circumstances prevented Smith from timely filing suit during the 86 days that remained once she regained access to the portal; nor is there evidence that Smith exercised diligence to preserve her legal rights between September 13 and December 7.[13] In the absence of such evidence, the district court properly declined to toll the limitations period. The judgment is AFFIRMED.

---

*through no fault of his own*, failed to receive the right-to-sue letter or unless, for some other equitable reason, the statute should be tolled until he actually receives notice." (emphasis added)).

[13] *Id.* at 1251 (finding equitable tolling unwarranted where claimant "offered absolutely no explanation for his failure to file suit within the eighty-two day period that remained" after reading right-to-sue letter); *Ringgold*, 796 F.2d at 770 & n.2 (holding same where, among other things, attorney "had 86 days to file suit after he read the right-to-sue letter, [and] offered no explanation for his failure to timely file a complaint"); *see also Bernstein v. Maximus Fed. Servs., Inc.*, 63 F.4th 967, 970 (5th Cir. 2023) ("To establish equitable tolling, a plaintiff must not only show that the doctrine is applicable to his circumstances, but also that he 'has vigorously pursued his action.'" (quoting *Rowe v. Sullivan*, 967 F.2d 186, 192 (5th Cir. 1992))).